IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## NORTHERN DISTRICT—SUNBURY 1866.

---

### Waldron *et al. versus* Haupt.

1. Vandyke's goods were sold by the sheriff, bought by Haupt and sold by him to Vandyke's wife, left with her and she made payments on them. The goods were again sold by the sheriff as the property of Vandyke. *Held,* that Haupt had not such property in the goods as to maintain trespass for seizing them.

2. In order to maintain trespass, the plaintiff must be in actual possession, or have a right to take possession at the time of the trespass.

3. Personal property bought at a judicial sale may be left with the defendant; it may be hired or loaned with safety; but if sold or given, the purchaser cannot maintain trespass for taking it.

4. It is the same with a conditional sale; for retention of possession is essential to retention of a lien on personal property.

ERROR to the Court of Common Pleas of *Northumberland county.*

This was an action of trespass, commenced October 24th 1862, by Sebastian Haupt against David Waldron and others, for taking certain goods claimed by him. The personal property of James Vandyke, a hotel-keeper in Sunbury, was sold under an execution at the suit of Haupt, bought by Haupt, and sold to the wife of Vandyke under an agreement that when she paid Haupt the full amount of the purchase, the property was to be hers. The property was left in her possession at the same house, and she afterwards made some payments on it. Subsequently it was sold by Waldron, the sheriff, as Vandyke's, on other executions, and Haupt brought this action of trespass.

On the trial a witness testified that whilst the sale by Waldron

was going on, he had made a list of the articles sold. The plaintiff then offered the list in evidence; it was objected to on the ground that the articles in it had not been shown to be the same as those bought by Haupt at the first sheriff's sale. The evidence was admitted, and an exception taken.

The court (Jordan, P. J.) charged the jury, among other things:—

"That if they found that the plaintiff, Sebastian Haupt, purchased the property, or a part of it, at the coroner's sale, he had a right to permit the property to remain in the possession of Mrs. Vandyke, the wife of James Vandyke, and make with her an agreement to sell it to her at a stipulated price, and that she was to become the owner of it on the payment of the whole of the purchase-money, and that such agreement is not fraudulent either in law or fact, and would protect the property from levy and sale under another execution against James Vandyke.

"If the sale was an absolute one the plaintiff cannot recover. If it was a conditional one, Mrs. Vandyke to retain possession, and she to become the owner when paid for, such agreement does not preclude the plaintiff from recovering."

And denied the following points of the defendants:—

1. The plaintiff having sold the goods to Mrs. Vandyke, the wife of James Vandyke, immediately after the coroner's sale, he had not such a lien on them as would enable him to take them into possession, and consequently cannot maintain trespass against David Waldron, former sheriff, for levying and selling them on executions issued against James Vandyke afterwards, or against the other defendants, for bidding and urging on the sale of said goods.

2. The agreement under which James Vandyke held possession of goods after the coroner's sale cannot be regarded as a hiring or a loaning, but as a purchase by which the plaintiff in this suit has parted with his title and right of possession, and cannot maintain trespass against anybody for taking it.

The verdict was for plaintiff for $478.75.

The errors assigned were admitting the evidence, and the instructions to the jury.

*Hill & Wolverton* and *S. B. Boyer*, for plaintiffs in error, cited Robinson v. Wallace, 3 Wright 131; Hallowell v. Horter, 11 Casey 375; Heugh v. Jones, 8 Id. 432; 1 Bl. Com. 443; 6 Amer. Law Reg. 315; Glyde v. Keister, 8 Casey 87; Bear's Adm'r. v. Bear, 9 Id. 529; Stehman v. Huber, 9 Harris 260; Story 1375; 2 Kent 166; 7 Pick. 533–7; Backenstoss v. Speicher, 7 Casey 324; Martin v. Mathiot, 14 S. & R. 214; Rose v. Story, 1 Barr 190; Bowen v. Burk, 1 Harris 149; Smith v. Smith, Murphy & Co., 9 Id. 367; 3 Philadelphia Rep. 300; Farrell v.

[Waldron *v.* Haupt.]

Nathans, 1 Id. 557; Dick *v.* Cooper, 12 Harris 220; Heitzman *v.* Divil, 1 Jones 264; Jenkins *v.* Eichelberger, 4 Watts 121.

*W. M. Rockefeller* and *J. B. Packer*, for defendant in error, cited Myers *v.* Harvey, 2 Penna. R. 478; Fitler *v.* Maitland, 5 W. & S. 309; Gannan's Appeal, North & Co. (not reported); 1 Chitty's Pl. 169; 2 Camp. 465; 3 Id. 187; Bertie *v.* Beaumont, 16 East 33.

The opinion of the court was delivered, February 5th 1866, by

THOMPSON, J.—The 1st assignment of error is not sustained. In connection with the testimony of the witness, Haupt, that he made the list of articles sold by the sheriff at the time of the sale, and while it was going on, the list was evidence for the purpose it was offered. Whether the articles were the same that the plaintiff below had bought at the coroner's sale was another matter, and a subsequent step. It might not have been convenient to prove this until what the sheriff did sell was shown. If it were not shown that the list contained the property claimed by the plaintiff, the testimony would go for nothing; but the order in which that was to be shown was within the discretion of the court.

The answers of the learned judge to the defendant's 1st and 2d points, constituting the 4th assignment of error, present the material question in the case.

The evidence was uncontradicted that the plaintiff below had purchased the property involved in this suit, at a coroner's sale, as the property of the same person as whose property it was again sold by Sheriff Waldron, one of the defendants below. That after the former purchase the plaintiff sold it to the wife of the defendant, and made a bill of sale of it to her, and left the property with her, as it was before he purchased it; that it was used in the hotel by the former owner as formerly, and payments on the footing of the purchase were from time to time made in the name of the wife, the alleged vendee, and credited on the contract by the plaintiff, the vendor.

The points of the defendant referred to above, prayed in substance for instructions that, the plaintiff having sold the goods to the wife of his debtor immediately after his purchase of them at coroner's sale, he had no such lien as would entitle him to the possession of the property on account of the non-payment of the purchase-money, and consequently he could not maintain trespass for them; that the transaction was not in the nature of a hiring or loaning of the property, and if on the terms of a purchase he parted with the possession, he could not maintain trespass. Both points were substantially the same. The court refused the instructions prayed, and in this we think there was error.

The law is too well settled to admit of doubt, that, in order to

[Waldron *v.* Haupt.]

maintain trespass, it is absolutely necessary that the owner of the property must be in the actual possession, or have the right to take the actual possession at the time of the trespass.

This is elementary doctrine. There was a sale of the property by the plaintiff to the wife of the defendant in the execution, and notwithstanding the possession was taken or kept as upon a purchase, and the goods were partly paid for, yet the vendor claims to hold them under a lien for unpaid purchase-money as though he had not released the possession.

The law applicable to such a state of facts is well stated in Dick *v.* Cooper, 12 Harris 217. Black, C. J., says: "But one who buys personal property at a public judicial sale may leave it with the defendant in the execution, without making it liable to be taken under another execution. It must be left, however, under such a contract of bailment as would in law protect it from the bailee's creditors, as if he had never been the owner of it. It may be hired or loaned with safety. But if it be sold or given, the purchaser parts with his title, and cannot maintain trespass against anybody for taking it."

Does it make any difference in principle that the sale was conditional as was alleged here, when the contest is between the vendor and a creditor of the vendee, with the property in possession of the latter? Martin *v.* Mathiot, 14 S. & R. 214, and Rose *v.* Story, 1 Barr 190, answer the inquiry very distinctly in the negative. In the latter it is said: "On a sale of chattels, if the vendor and vendee agree that the possession shall pass to the vendee, but the property remain in the vendor until the whole purchase-money is paid, such an agreement as respects creditors and the sheriff, is fraudulent." So in Welsh *v.* Bell, 8 Casey 12, my brother Strong said: "If the actual possession was given to the vendee, Bell's property in the goods was gone with his possession, and also his lien for the purchase-money; for retention of possession is essential to retention of a lien upon personal property."

There would be no end to secret liens and frauds if the law were otherwise than the cases show it to be. The property here passed into the possession of the vendee, and the vendor had received a considerable portion of the purchase-money. He was not entitled to maintain trespass for it against the sheriff for seizing it on an execution, and so the court should have said in answer to the defendant's points. This of course puts out of the case all question of the validity of the sale to Mrs. Vandyke. She is not claiming the property, it is her vendor that is claiming it.

These views show that the learned judge erred in his charge in favour of the plaintiff as contained in the 2d and 3d assignments of error, and in not answering as requested by the defendants in their 1st and 2d points noticed above.

Judgment reversed, and *venire de novo* awarded.